UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SIRGIORGIO SANFORD CLARDY,

        Plaintiff,        3:14-cv-01055-CL

        v.        FINDINGS AND RECOMMENDATION

OFFICER BRIAN GUANT,
et al.,

        Defendants.

CLARKE, Magistrate Judge.

    Plaintiff filed a complaint alleging federal and State of Oregon Constitutional claims, federal statutory, and state law tort claims against law enforcement officers involved with his arrest on charges of promoting prostitution and compelling prostitution. Specifically, plaintiff alleges a Fourth Amendment and Fourteenth Amendment due process claims for unlawful seizure of person and property, state tort claims for

1 - FINDINGS AND RECOMMENDATION

false arrest, false imprisonment, invasion of privacy, negligence and conversion, and a violation of the federal criminal Omnibus statute.

The City of Beaverton defendants now move for summary judgment on the following grounds: "The *Heck* doctrine bars (plaintiff's) claims; the City should be the only defendant under the OTCA; the Oregon Constitution does not provide a private right of action; and the state tort claims were not properly noticed." City Defendant's Motion for Summary Judgment (#62) p. 8.

The facts giving rise to plaintiff's claims are set forth in the City Defendants' Motion and are established and supported by appropriate evidence and declarations.

The relevant undisputed facts can be summarized as follows: On June 22, 2012, Officers of the Beaverton Police Department were assisting the Federal Bureau of Investigation in a nationwide human trafficking and prostitution investigation.

As part of that investigation, defendant officers responded to a "Backpage" advertisement posted by "Jessica Carter" (real name Stephanie Stuart), and conducted a "sting" operation that eventually resulted in plaintiff's arrest.

Plaintiff was indicted by the Multnomah County Grand Jury on July 3, 2012, and went to trial on three counts of

2 - FINDINGS AND RECOMMENDATION

promoting prostitution and three counts of compelling prostitution. On July 18, 2013, plaintiff was convicted of two counts of promoting prostitution and one count of compelling prostitution.

Plaintiff's claim under 18 U.S.C § 2511:

Generally, criminal statutes do not give rise to civil liability. Allen v Gold County Casino, 464 F3d 1044, 1048 (9th Cir. 2006). Although a limited private right of action exists, it is subject to numerous exceptions.

In this case plaintiff's claim based on the allegedly unlawful interception of his oral communication fails as a matter of law because the interception was pursuant to an investigation by law enforcement officers acting in the ordinary course of their duties. U.S. v. Van Poyck, 77 F3d 285, 291 (9th Cir. 1996) citing 18 U.S.C. 2510(5)(a).

Moreover, it is not a violation of §2511 for a person to intercept a wire, oral or electronic communication where a party consents to the interception, Van Poyck, 77 F3d at 292, or if that person is a party to the communication. Schulstrom v. Schuklstrom, 2014 WL 3479018, *4 (D. Or. 2014).

In this case, Ms. Stuart consented to the 'tap' and defendant Guant was a party to the communication. Therefore, defendants are entitled to judgment as a matter of law as to plaintiff's claims under 18 U.S.C. § 2511.

3 - FINDINGS AND RECOMMENDATION

Plaintiff's Claims under the Oregon Constitution:

Plaintiff apparently concedes that his claims under the Oregon Constitution fail as a matter of law. *See*, Plaintiff Declaration in Opposition (#85) paragraph 62.

However, I find for the record that defendants are entitled to judgment as a matter of law as to plaintiff's claim under the Oregon Constitution. Because "[n]o private right of action seeking damages for violations of the Oregon Constitution exists." Haliburton v. City of Albany Police Dept., 2005 WL 2655416, *3 (D. Or. 2005); *see also*, Hunter v. City of Eugene, 309 Or 298, 303 (1990).

Plaintiff's Fourth Amendment claims:

Plaintiff alleges claims for unlawful search, unlawful seizure, false arrest, and unlawful detention under the Fourth Amendment of the United States Constitution.

Habeas corpus is the exclusive remedy when a plaintiff seeks to challenge the fact or duration of confinement or seeks immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477 (1994).

"*Heck* precludes a section 1983 claim based on action

4 - FINDINGS AND RECOMMENDATION

which would render a conviction or sentence invalid ... ." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).

Under the circumstances alleged in plaintiff's complaint, a judgment in favor of plaintiff on his Fourth Amendment claims would necessarily imply the invalidity of plaintiff's conviction and arguably entitle plaintiff to release.

Moreover, in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional confinement, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, supra. In other words, an unlawful conviction or confinement does not constitute a compensable injury under section 1983 until the conviction or confinement has been invalidated.

Plaintiff has not established that the search, seizure, arrest or detention he challenges in this proceeding has been reversed or invalidated. Accordingly, a 42 U.S.C. § 1983 claim for money damages is premature.

In addition, it is clear from the undisputed facts of record that plaintiff's phone was properly seized and searched pursuant to a valid warrant and that probable cause existed to detain and arrest plaintiff.

5 - FINDINGS AND RECOMMENDATION

Plaintiff's claim "failure to train" allegations against defendant Spalding fails to allege sufficient factual matter to state a claim. To the extent that plaintiff's claim is based on a theory of *respondeat superior*, it is well settled that *respondeat superior* is not a proper basis for § 1983 liability. To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbal, 556 U.S. 662, 667, 1937 (2009).

Based on the foregoing, I find that none of the defendants violated plaintiff's constitutional rights. However, even if some minimal encroachment on plaintiff's rights did arguably occur, defendants are entitled to qualified immunity from liability for damages because their actions were in accordance with a reasonable interpretation of the law governing the circumstances they confronted. Brosseau v. Haugen, 543 U.S. 194, 202 (2004); Harlow v. Fitzgerald, 457 U.S. 800 (1982).

Claims under the Oregon Tort Claims Act:

Plaintiff's state law claims fail because the "sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties . . . is an action against the public body." ORS 30.265(3). Therefore the individual officers

6 - FINDINGS AND RECOMMENDATION

alleged to have harmed plaintiff are not proper defendants.

In addition, there is no genuine issue of material fact that plaintiff did not comply with the notice provisions of the OTCA, ORS 30.275(2).

Even if plaintiff could state a state law claim against defendants, I find that the court should decline to exercise jurisdiction over any such claim.

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well. 28 U.S.C. § 1367(c)(3). Some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary circumstances" justify their retention. Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1991); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir. 1993). However, most courts hold that whether to dismiss supplemental claims is fully discretionary with the district court. Schneider v. TRW, Inc., 938 F.2d 986, 993-994 (9th Cir. 1991), weighing factors such as economy, convenience, fairness and comity. Brady v. Brown, 51 F.3d 810 (9th Cir. 1995).

I have determined that defendants are entitled to judgment as a matter of law as to plaintiff's federal claims. There are no extraordinary circumstances that justify the retention of plaintiff's state law claims.

7 - FINDINGS AND RECOMMENDATION

Based on the foregoing, I find that no genuine issue of material facts exists and that the defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56©. <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 323 (1986),

Defendants' Motion for Summary Judgment (#62) should be allowed. The Clerk should be directed to enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

8 - FINDINGS AND RECOMMENDATION

*Any appeal form an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.*

DATED this 30 day of June, 2016.

Mark D. Clarke
United States Magistrate Judge