# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

SIR GIORGIO SANFORD CLARDY

No. 3:14-cv-01055-CL
ORDER

Plaintiff,

vs.

OFFICER BRIAN GAUNT, et al.,

Defendants.

AIKEN, Judge:

Magistrate Judge Clarke filed his Findings and Recommendation on June 30, 2016. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3). Objections have been filed, so this Court makes a "*de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

I have reviewed this matter *de novo*. I depart from Judge Clarke's reasoning in only one

1 - ORDER

respect. To the extent plaintiff's Fourth Amendment claims arise out of the June 23 stop in the hotel parking lot and seizure of plaintiff's phone, they are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* requires a court to ask "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. At plaintiff's criminal trial in state court, the judge suppressed the evidence gathered in connection with the June 23[1] stop and search. *See* Clardy Decl. Ex. 8 at 1 Apr. 6, 2015 (doc. 85-1 at 32) (motion to suppress "the use in evidence of the contents of Defendant's telephone, computer and/or his backpack and duffel bag"); *id.* Ex. 16 at 3 (doc. 85-1 at 86) (state "conceding the suppression motion and the stop . . . and the search of his cell phone based on the fact that we have a witness who is pretty severe ill-health . . . and is unable to come today."). Accordingly, whether that evidence was obtained in violation of plaintiff's Fourth Amendment rights has no bearing on the validity of his criminal conviction.

I agree with Judge Clarke that even if the search of the phone violated plaintiff's Fourth Amendment rights, defendants are entitled to qualified immunity with respect to that search. However, qualified immunity does not bar plaintiff's challenge to the June 23 stop. Plaintiff alleges he was stopped "because he was a black man seen walking through the parking lot of the motel." Clardy Decl. Ex. 1 at 4 Apr. 6, 2015 (doc. 85-1 at 4). A stop based on racial profiling would violate plaintiff's clearly established Fourth Amendment rights. *See Melendres v. Arpaio*, 695 F.3d 990, 1000 (9th Cir. 2012) ("Absent suspicion that a suspect is engaged in, or is about to engage in, criminal activity, law enforcement may not stop or detain an individual." (citation and quotation marks omitted)).

---

[1] At one point, the state court transcript gives June 24 as the date of the challenged stop. This appears to be an error. The same transcript refers to "the June 23rd motion" and there is no indication plaintiff was stopped by the authorities on June 24.

2 - ORDER

Nonetheless, defendants are entitled to summary judgment on all the Fourth Amendment claims. Plaintiff has failed to point to any evidence in the summary judgment record suggesting he was stopped because of his race. Moreover, the record contains ample evidence the stop was based on the officers' investigation and the phone call between Detective Gaunt and Stephanie Stuart. Plaintiff therefore has failed to show a genuine issue of material fact with respect to whether the stop violated his Fourth Amendment rights. *See Villiarimo v. Aloha Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("[S]elf-serving testimony uncorroborated by other evidence d[oes] not create a genuine issue of material fact").

Plaintiff contends Judge Clarke erred by recommending dismissal of this case with prejudice, citing his two pending motions to file an amended complaint. *See* Docs. 47, 56. "Dismissal without prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316, F.3d 1048, 1052 (9th Cir. 2003). Here, dismissal with prejudice is warranted because amendment would be futile. Even with plaintiff's proposed amendments, this Court still would be bound to grant defendants' motion for summary judgment on the federal claims because (1) Detective Gaunt consented to interception of the call, dooming plaintiff's claims under 18 U.S.C. § 2511; (2) qualified immunity bars the Fourth Amendment claims related to the search of plaintiff's phone; (3) there is no genuine issue of material fact with respect to the Fourth Amendment claims related to the June 23 stop; and (4) any remaining Fourth Amendment claims are barred by *Heck.* It is not necessary to consider the effect of the proposed amendments on plaintiff's state claims, because this Court declines to exercise supplemental jurisdiction over those claims in the absence of a viable federal claim.

Finally, I must address plaintiff's two pending discovery requests: a motion to compel defendants' production of certain documents, and a motion to take depositions.[2] Plaintiff's motion to compel discovery is moot to the extent it addresses the conduct of Sheriff Daniel Staton, who was dismissed as a defendant in March 2015. *See* Doc. 71. The remainder of the motion to compel seeks production of "[a]ny and all logs, lists or other documents reflecting complaints filed against any defendant in this case reflecting the[ir] conduct from January 1, 2004 to the date of [defendants'] response [and] any and all memorand[a], investigative files, or other documents created in response to such documents." Pl's Mot. Compel Ex. 1 at 3. The motion is denied because "the burden or expense" of producing ten years' worth of personnel files for twelve defendants "outweighs [the] likely benefit" of the proposed discovery. Fed. R. Civ. P. 26(b)(1).

Plaintiff also filed a motion to take defendants' depositions. Defendants opposed that motion on the ground of qualified immunity. As explained, qualified immunity is not a complete bar to plaintiff's Fourth Amendment claims because plaintiff alleges he was stopped because he is black. Nonetheless, plaintiff's motion to take depositions is denied. The summary judgment record — which includes ample documentary discovery from defendants — contains not a shred of evidence corroborating plaintiff's racial profiling allegations. It is exceedingly unlikely deposing defendants would produce such corroborating evidence. Plaintiff's motion to take depositions is denied because

---

[2] Defendants argue this Court should not reach plaintiff's discovery objections because plaintiff did not raise those objections in his response to the motion for summary judgment. This "waiver" argument is without merit, because plaintiff properly presented his discovery arguments to Judge Clarke via separate motions before defendants filed their motion for summary judgment. Similarly, defendants oppose plaintiff's request to "reopen" discovery eighteen months after discovery closed. But plaintiff filed his discovery motions before the close of discovery; in fact, *defendants* asked this Court to defer ruling on the motion to take depositions until after resolving the motion for summary judgment. Plaintiff properly preserved his discovery arguments.

the burden of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

I ADOPT the Report and Recommendation of Magistrate Judge Clarke (doc. 130), as modified above.  Defendants' motion for summary judgment (doc. 62) is GRANTED and this case is DISMISSED with prejudice.  Plaintiff's pending motions to compel discovery and take depositions (docs. 52 and 55) and to file an amended complaint (docs. 47 and 56) are DENIED. Plaintiff's request for oral argument is denied as unnecessary.

*Any appeal from this order or judgment would be frivolous and not taken in good faith. Therefore, plaintiff's* **in forma pauperis** *status is revoked.*

IT IS SO ORDERED.

Dated this ⸲ day of ~~September~~ October 2016.

Ann Aiken
United States District Judge

5 - ORDER